Angela IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANGELA FETTERMAN-DEEL<br>4385 North Rider Road<br>Oak Harbor, Ohio, 43449 | ) ) ) ) | CASE NO.:<br><br>JUDGE: |
| Plaintiff,<br>v.<br><br>MASTER CLEANING, LLC<br>953 Hanson Street<br>Northwood, Ohio, 43619 | ) ) ) ) ) ) ) | COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE OHIO MINIMUM FAIR WAGE STANDARDS ACT |
| **Serve also:**<br>Matthew O. Hutchinson,<br>Statutory Agent<br>6135 Trust Drive, #115<br>Holland, Ohio, 43528 | ) ) ) ) ) ) ) | (Jury Demand Endorsed Herein) |
| -and-<br><br>DONALD GERBER<br>953 Hanson Street<br>Northwood, Ohio, 43619 | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, Angela Fetterman-Deel, by and through undersigned counsel, as her Complaint against Defendants, states and avers the following:

## PARTIES.

1. Fetterman-Deel is an individual residing in Ottawa County, Ohio.

2. Master Cleaning, LLC is an Ohio limited liability corporation headquartered located in Wood County, Ohio.

1

3. Upon information and belief, Gerber is a Michigan resident and is an owner and/or principal of Master Cleaning.

## PERSONAL JURISDICTION.

4. Defendants hire citizens of the state of Ohio, contracts with companies in Ohio, and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

5. Fetterman-Deel performed work in this judicial district, was paid unlawfully by Defendants pursuant to work performed in this district and/or was hired out of this district.

6. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE.

7. This Court has original subject matter jurisdiction of this case under 28 U.S.C. §§1331 and 1341, inasmuch the matters in controversy are brought pursuant to the FLSA, 29 U.S.C § 215, 216, *et seq*.

8. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Fetterman-Deel's state law claims under the Ohio Minimum Fair Wages Standards Act ("OMFWSA") and the Ohio Constitution because those claims derive from a common nucleus of operative facts.

9. Venue is proper in this District because the wrongs herein alleged occurred in this District.

## STATUTORY COVERAGE.

10. At all times referenced herein, Master Cleaning formed a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged

in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

11. At all times referenced herein, Gerber directly supervised Fetterman-Deel and was responsible for determining how Master Cleaning would compensate Fetterman-Deel for the hours she worked.

12. During all times material to this Complaint, Master Cleaning and Gerber were Fetterman-Deel's "employer(s)" within the meaning of Section 3(d) of FLSA, 29 U.S.C. § 203(d); Section 34a, Article II, of the Ohio Constitution; and the Ohio Minimum Fair Wage Standards Act ("OMWFSA").

## FACTS.

13. Fetterman-Deel is a former employee of Master Cleaning.

14. Fetterman-Deel began her employment with Master Cleaning on or about September 5, 2022.

15. Fetterman-Deel worked for Master Cleaning as a Custodial Worker.

16. As a Custodial Worker, Fetterman-Deel's job duties included cleaning and light maintenance on site at client properties/businesses.

17. Fetterman-Deel was assigned by Master Cleaning to perform custodial work at an Avery-Dennison manufacturing plant located in Oak Harbor.

18. At the time Fetterman-Deel was hired, Gerber told her she would be paid a salary of $425.00 per week.

19. Notwithstanding Gerber's offer to pay Fetterman-Deel a salary of $425.00 per week, Fetterman-Deel was a non-exempt employee under the FLSA and the OMFWSA.

20. Upon information and belief, Defendants pay their employees on a semi-monthly basis, on the first and fifteenth day of each month.

21. Fetterman-Deel worked the following schedule during the week of September 5, 2022:

    a. Week of September 5, 2022: Monday, 9/5/2022 through Friday, 9/9/2022, 5:30pm through 11:00pm with no meal break (27.5 hours).

    b. Week of September 12, 2022: Thursday, 9/15/2022 and Friday, 9/16/2022: 5:30pm through 11:00pm with no meal break; Saturday 9/17/2022 and Sunday 9/18/2022: 5:30pm to 6:30pm (13 hours).

    c. Week of September 19, 2022: Monday, 9/19/2022 through Friday, 9/23/2022, 5:30pm through 11:00pm with no meal break; Saturday 9/24/2022 and Sunday 9/25/2022: 5:30pm to 6:30pm (29.5 hours).

    d. Week of September 26, 2022: Monday, 9/26/2022 through Thursday, 9/29/2022: 5:30pm through 11:00pm with no meal break (22 hours).

22. Defendants did not require Fetterman-Deel to record the hours that she worked.

23. At all times referenced herein, the Avery-Dennison manufacturing plant Fetterman-Deel worked at was locked on the weekends.

24. Fetterman-Deel was never provided with access the interior of the Avery-Dennison manufacturing plant during the weekends.

25. The limited work Fetterman-Deel performed on the weekends at Avery-Dennison was limited to what areas of the plant Fetterman-Deel had access to without access to the interior of the plant.

26. Fetterman-Deel expected to be paid on September 15, 2022 but was not paid.

27. Fetterman-Deel received her first paycheck via direct deposit into her bank account from Defendants on or about September 30, 2022, totaling only $408.00.

28. Based on the hours worked by Fetterman-Deel up until September 30, 2022, she was effectively paid $4.43 per hour.

29. The federal minimum wage is $7.25 per hour.

30. The Ohio minimum wage is $9.30 per hour.

31. Defendants failed to pay Fetterman-Deel at least the minimum wage for all hours she worked, in violation of the FLSA and the OMFWSA.

32. After receiving her meager paycheck, Fetterman-Deel complained to Gerber's son, and a co-owner of Master Cleaning, Mike Gerber.

33. Fetterman-Deel asked Mike Gerber to provide her with her paystub and time records because she believed she had been paid less than minimum wage.

34. Mike Gerber told Fetterman-Deel that he did not know anything about her pay but that she should contact his father, Gerber, or Master Cleaning's secretary (name unknown).

35. Fetterman-Deel told Mike Gerber that she would not report to work again until her pay was corrected.

36. Fetterman-Deel sent Mike Gerber a text message the morning of October 1, 2022, stating that "…I'm not stepping foot to clean anything without an explanation and I'm not chasing down my own paystub…"

37. Mike Gerber responded to Fetterman-Deel by stating that his father – Gerber – would call Fetterman-Deel and "explain everything."

38. Gerber called Fetterman-Deel late on October 1, 2022 ("October 1, 2022 Phone Call").

39. During the October 1, 2022 Phone Call, Fetterman-Deel complained to Gerber that she could not afford to work for subminimum wages.

40. Gerber responded to Fetterman-Deel's complaint about her pay by stating "then don't work. We don't need you."

41. Fetterman-Deel asked Gerber to clarify his remarks to her.

42. Gerber responded to Fetterman-Deel by calling her "impatient" and "lazy" and stating "do I need to spell it out for you? You are done here."

43. Gerber's remarks to Fetterman-Deel that she "should not work" if she could not afford to work for subminimum wages is a tacit admission that Gerber terminated Fetterman-Deel because of her complaint about not being paid the wages she is entitled to under the FLSA and/or the OMFWSA.

44. Defendants terminated Fetterman-Deel in retaliation for her complaints about not being paid at least the minimum wage for all hours worked, in violation of the FLSA and/or the OMFWSA.

## COUNT I: FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA (29 U.S.C. § 207).

45. Fetterman-Deel restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

46. Section 6 of the FLSA, 29 U.S.C. § 206, establishes the right to be paid minimum wages.

47. Section 16(b) of the FLSA, 29 U.S.C. § 216(b), entitles an employee to recover all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs.

48. Defendants failed to pay Fetterman-Deel at least the minimum wage for all hours worked.

49. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

50. Defendants did not have and could not have had a good-faith belief that it was lawful under the FLSA to pay an employee less than the statutory minimum wage.

51. Fetterman-Deel is entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

**COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.03, *et seq*, BASED ON FAILURE TO PAY MINIMUM WAGE.**

52. Fetterman-Deel restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

53. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the OMFWSA.

54. At all relevant times, Defendants have employed and continue to employ, "employees," within the meaning the OMFWSA.

55. Fetterman-Deel was an employee of Defendants as that term is defined by the OMFWSA.

56. The OMFWSA requires that covered employees be compensated for every hour worked in a workweek. See O.R.C. §§ 4111.01, et seq.

57. Defendant violated the OMFWSA with respect to Fetterman-Deel by, *inter alia*, failing to pay Fetterman-Deel the applicable minimum wage.

58. Having violated the OMFWSA, Defendants are joint and severally liable to Fetterman-Deel pursuant to O.R.C. § 4111.10 for the full amount of his unpaid minimum wages, an equal amount in liquidated damages, and for costs and reasonable attorneys' fees.

## COUNT III: FAILURE TO PROVIDE PAY RECORDS UPON REQUEST IN VIOLATION OF SECTION 34a, ART. II, OHIO CONSTITUTION.

59. Fetterman-Deel restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

60. Section 34a, Art. II of the Ohio Constitution provides that "An employer shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed. Such information shall be provided without charge to an employee or person acting on behalf of an employee upon request" ("Records Provision").

61. In *Craig v. Bridges Bros. Trucking LLC*, No. 2:12-CV-954, 2013 WL 4010316 (S.D. Ohio Aug. 6, 2013, the District Court for the Southern District of Ohio held that "The [Records Provision] expressly provides the right for an employee to bring an action for violation of the section." See also *Brenneman v. Cincinnati Bengals, Inc.*, No. 1:14-CV-136, 2014 WL 5448864, (S.D. Ohio Oct. 24, 2014); *Clark v. Shop24 Glob., LLC*, No. 2:12-CV-00802, 2014 WL 60071 (S.D. Ohio Jan. 7, 2014).

62. Fetterman-Deel requested that Defendants provide her with her pay records on September 30, 2022 and again on October 1, 2022.

63. Defendants failed and refused to provide Fetterman-Deel with her pay records.

64. Defendants responded to Fetterman-Deel's request for pay records by terminating her employment.

65. Defendants' conduct violated Section 34a, Art. II of the Ohio Constitution.

**COUNT IV:  VIOLATION OF THE OHIO PROMPT PAYMENT ACT, O.R.C. § 4113.51.**
**(Asserted Against Defendant Master Cleaning Only).**

66. Fetterman-Deel restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

67. The Ohio Prompt Pay Act ("OPPA") required Master Cleaning to pay Fetterman-Deel all wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by Fetterman-Deel during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

68. Fetterman-Deel was not paid all wages due within 30 days of her performing the work that entitled her to wages. *See* R.C. §4113.15(B).

69. Fetterman-Deel unpaid wages remain unpaid for more than 30 days beyond her regularly scheduled payday.

70. Fetterman-Deel has been harmed and continues to be harmed by Master Cleaning's acts and/or omissions as described herein and is entitled to the greater of $200.00 or an additional six percent on the total amount of wages due. See O.R.C. § 4113.15(C).

**COUNT V: BREACH OF IMPLIED CONTRACT.**

71. Fetterman-Deel restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

72. By their actions, Defendants entered into an implied contract of employment with Fetterman-Deel whereby Fetterman-Deel performed compensable work for Defendants in exchange for Defendants promise to pay Fetterman-Deel a salary of $850.00 per week.

73. Fetterman-Deel accepted Defendants' offer to work for Defendants in exchange for a salary of $850.00 per week.

74. Fetterman-Deel satisfied all obligations pursuant to the contract, actual and implied, by performing work for Defendants.

75. Defendants breached the contract by failing to pay Fetterman-Deel the salary they promised her.

76. Fetterman-Deel has suffered damages as a result of Defendants' wrongful conduct.

### **COUNT VI: UNJUST ENRICHMENT.**

77. Fetterman-Deel restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

78. From September 5, 2022 until September 29, 2022, Fetterman-Deel performed work and provided services for Defendants.

79. Defendants acknowledged, accepted and benefited from the value provided by Fetterman-Deel.

80. Pursuant to the Defendant's promises regarding the wages to be paid to her, Fetterman-Deel expected to be paid a base salary of $850.00 per week.

81. Defendants failed to pay Fetterman-Deel the salary they promised her.

82. It would be inequitable for the Defendants to enjoy the benefit of the value provided by Fetterman-Deel without compensating her as they had promised they would.

### **COUNT VII: PROMISSORY ESTOPPEL.**

83. Fetterman-Deel restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

84. Defendants made clear and unambiguous promises to Fetterman-Deel that she would receive a salary of $850.00 per week if she worked for Defendants.

85. Fetterman-Deel justifiably relied to her detriment upon Defendants' promises by continuing to work for Defendants when she could have sought and obtained employment elsewhere.

86. Defendants intended that Fetterman-Deel rely upon said promises in an effort to compel Fetterman-Deel to provide services to Defendants for less than the minimum wage.

87. Fetterman-Deel sustained damages as a direct and proximate result of Defendants' broken promises and Fetterman-Deel's justifiable reliance thereon.

**COUNT VIII: UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(A)(3).**

88. Fetterman-Deel restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

89. Pursuant to 29 U.S.C. § 215(a)(3), it is unlawful for an employer to retaliate against an employee who seeks to enforce her rights under the FLSA.

90. Defendants unlawfully terminated Fetterman-Deel because she complained about not being paid at least the minimum wage.

91. Defendants violated 29 U.S.C. § 215(a)(3) of the FLSA and showed reckless disregard of the provisions of the FLSA concerning retaliation by taking adverse actions against Fetterman-Deel because she engaged in protected activity by making complaints about the sub-minimum wages paid to her.

92. As a result of Defendants deliberate, unlawful, and willful acts as set forth above, Fetterman-Deel has suffered loss of earnings, earnings potential, other significant economic benefits, and emotional distress.

**PRAYER FOR RELIEF.**

WHEREFORE, Plaintiff Angela Fetterman-Deel requests judgment in her favor against Defendants, containing the following relief:

a.  Awarding Fetterman-Deel her unpaid minimum wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b.  Awarding pre-judgment and post-judgment interest as provided by law;

c.  Awarding all available statutory relief pursuant to O.R.C. § 4113.15;

d.  Awarding Fetterman-Deel back wages and front pay in an amount to be determined at trial;

e.  Awarding Fetterman-Deel compensatory damages, to include emotional distress damages, on her retaliation claim

f.  Awarding reasonable attorneys' fees and costs; and

g.  Awarding such other and further relief that this Court deems appropriate.

Respectfully submitted,

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Angela Fetterman-Deel*

## JURY DEMAND

Plaintiff Angela Fetterman-Deel demands a trial by jury by the maximum number of jurors permitted.

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**SPITZ, THE EMPLOYEE'S LAW FIRM**